IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROL ANN NOLEN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-41-WKW [WO] |
| | ) |
| JP MORGAN CHASE BANK, NA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant JP Morgan Chase Bank, NA, individually and as the successor by merger to Defendant Chase Home Finance, LLC (collectively referred to as "Defendants"), timely removed this action from the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(b), asserting that complete diversity and the jurisdictional amount are satisfied. Before the court is a Motion to Remand, filed by Plaintiffs Carol Ann Nolen and Benny F. Nolen, who challenge the removal on the basis that the jurisdictional amount in controversy is not satisfied. (Docs. # 7, 8.) Defendants have responded, and Plaintiffs have replied. (Docs. # 10, 11.) Based upon the arguments of counsel, the relevant law, and the record as a whole, Plaintiffs' motion is due to be granted.

## I.  STANDARD OF REVIEW

**A.     <u>Generally</u>**

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

**B.     <u>§ 1332(a) Removals Where Damages Are Unspecified</u>**

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a).  Section 1332(a)(1) confers jurisdiction on the federal courts when the dispute is between "citizens of 1332(a) different States," and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.*  Where the complaint alleges unspecified damages, the

removing party bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). In some cases, the preponderance burden "requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 744). "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id.* (quoting *Pretka*, 608 F.3d at 754). Moreover, in considering the allegations and evidence, the court may use "common sense" and make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka*, 608 F.3d at 754, 770; *see also Roe*, 613 F.3d at 1062 ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). The amount in controversy must be measured as of the time of removal, however, and not by events occurring afterward. *See Pretka*, 608 F.3d at 751.

## II. BACKGROUND

This action involves a dispute over allegedly improper and fraudulent fees and charges assessed against the mortgagees by their mortgage service provider in

connection with loan payments and modifications. In June 2003, Plaintiffs, who are husband and wife, executed a promissory note and mortgage on their residence in Montgomery, Alabama, with a non-party bank. In September 2008, Defendants acquired Plaintiffs' loan through a purchase and assumption agreement with the Federal Deposit Insurance Corporation. At that time, the principal balance on Plaintiffs' loan was $207,555.77. When Defendants began servicing Plaintiffs' mortgage, they represented to Plaintiffs both orally and in writing that they would service Plaintiffs' mortgage in accordance with the terms of Plaintiffs' original note and mortgage.

In January 2011, Defendants declared that Plaintiffs were delinquent in their mortgage obligations, but represented that Plaintiffs could avoid foreclosure and default, without fees or other penalties, by entering into a loan modification agreement with Defendants. Relying on these representations, Plaintiffs applied for the loan modification, and Defendants sent correspondence dated February 1, 2011, indicating that Plaintiffs' loan modification application was under consideration and that foreclosure proceedings on Plaintiffs' home would not commence.

Some five weeks later and contrary to their representations, however, Defendants informed Plaintiffs that their home was scheduled for a foreclosure sale on April 12, 2011, and advertised the foreclosure in a local newspaper. Seeking to

avoid foreclosure, Plaintiffs requested and received from Defendants a reinstatement amount but, notwithstanding that Plaintiffs paid the reinstatement amount, Defendants denied their loan modification application.

For reasons that are not clear from the Complaint, the scheduled foreclosure did not take place. Instead, on April 20, 2011, at Defendants' direction, Plaintiffs applied for a second loan modification and received notice that they had qualified for a three-month trial loan modification plan. Defendants promised a permanent modification of their loan if Plaintiffs timely made three monthly mortgage payments at a reduced rate. Plaintiffs paid the first and second months' payments on time. Yet, Defendants rejected the second month's payment, allegedly because the "funds were insufficient to cure the default" (Compl. ¶ 36), and threatened to accelerate the note and initiate foreclosure proceedings against Plaintiffs.

Plaintiffs allege that throughout the course of servicing Plaintiffs' mortgage loan, Defendants' wrongdoing was legion. Defendants allegedly charged late fees for payments that were timely received, misapplied payments, miscalculated the amounts owed by Plaintiffs, and purposefully postponed posting timely payments until they were past due. They also allegedly improperly charged Plaintiffs certain fees and finance charges related to default proceedings and charged Plaintiffs late fees on payments that Defendants lost.

5

The Complaint, which was originally filed in the Circuit Court of Montgomery County, alleges claims under state law for fraudulent misrepresentation, fraudulent suppression, negligence, wantonness, breach of contract, intentional infliction of emotional distress, trespass, and defamation. The Complaint seeks unspecified compensatory damages for economic loss, mental anguish, and emotional distress (based on Defendants' alleged mishandling of the mortgage, the threatened foreclosure, aggravated trespass, and defamation), and further requests punitive damages also in an unspecified amount. The Complaint does not seek injunctive relief, declaratory relief, or other equitable relief.

Defendants timely removed this action pursuant to § 1441 and the first paragraph of § 1446(b), seeking to invoke this court's diversity jurisdiction under § 1332(a).[1] Plaintiffs have moved to remand this action to state court on that basis that the amount in controversy is not satisfied.

### III. DISCUSSION

There is no dispute that Plaintiffs and Defendants are of diverse citizenship.[2] The only issue is whether the Complaint, which seeks unspecified compensatory and

---

[1] Sections 1441 and 1446 were amended in 2011, and those amendments became effective on January 6, 2012. *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011 ("Act"), Pub. L. No. 112–63, 125 Stat. 758. Because this action was commenced prior to the Act's effective date, the Act does not apply to this action. *See id.*

[2] The citizenship of the fictitious parties is not considered. *See* § 1441.

punitive damages, sustains Defendants' removal burden to prove that at the time of removal, § 1332(a)'s amount in controversy was satisfied.

Defendants argue that they have met their burden on removal of demonstrating that more than $75,000 is at stake. Defendants contend that the Complaint contests the legitimacy of every payment Plaintiffs have made to Defendants since Defendants acquired their loan, and submits evidence that those payments total $48,776.66. Defendants' rationale is that "since no specific payments or fees are referred to in the Complaint, all of Plaintiffs' payments to [Defendants] necessarily must [be] at issue . . . ." (Doc. # 10, at 4.) Defendants contend, therefore, that $48,776.66 is the "definitive starting point" for calculating damages. (Doc. # 10, at 11.) Add to that the demand for mental anguish damages and punitive damages and, according to Defendants, it is more likely than not that if Plaintiffs prevail, a jury would award more than $75,000 in damages.[3]

---

[3] In their Notice of Removal, Defendants relied upon the assessments for property tax to argue that the "market value measure" of Plaintiffs' home is $319,400, "which [Plaintiffs] claim they feared losing by foreclosure." (Not. of Removal ¶ 26; Ex. 5 to Not. of Removal.) Defendants also submitted a copy of Plaintiffs' mortgage. Defendants suggested, but did not explicitly argue, that the amount in controversy is the value of Plaintiffs' property or, alternatively, the value of Plaintiffs' mortgage note. In their response to the motion to remand, Defendants have not relied on the property tax assessment information or on any argument that the value of Plaintiffs' home or mortgage note establishes the amount in controversy. It is notable, however, that decisions in this district have rejected arguments made on substantially similar facts. In *Mustafa v. Market Street Mortg. Corp.*, 840 F. Supp. 2d 1287 (M.D. Ala. 2012) (Fuller, J.), the court surveyed this district's recent opinions and concluded that because the plaintiff had not sought injunctive relief or questioned the mortgage's validity, the value of his home was not at issue and the defendants' attempt to use that value as the baseline for calculating

Plaintiffs contend that a logical reading of the Complaint does not support Defendants' position. They argue that the Complaint does not challenge "every charge and payment ever made by them" to Defendants. (Doc. # 8, at 4.) Rather, Plaintiffs contend that the only payments at issue are "those collected not in accordance with the note and mortgage," and also those payments that were handled contrary to Defendants' representations regarding payments to be made on the loan modifications. (Doc. # 8, at 5.) Plaintiffs further argue that the removal petition is based upon conclusory allegations concerning Plaintiffs' potential recovery of mental anguish damages and punitive damages. Plaintiffs have the better arguments.

A. **Economic Losses**

Defendants' argument that the Complaint's allegations place all of Plaintiffs' payments to Defendants in controversy does not survive close scrutiny. There are no allegations that challenge the legitimacy of the monthly principal and interest. Rather, the allegations focus on charges added to the monthly principal and interest that allegedly improperly inflated those payments. Those charges encompass

---

the amount-in-controversy failed as a matter of law. *Id.* at 1291 (citing *White v. Wells Fargo Home Mortg.*, No. 1:11cv408, 2011 WL 3666613 (M.D. Ala. Aug. 22, 2011), and *Parks v. Countrywide Home Loans*, 2:11cv852, 2011 WL 6223049 (M.D. Ala. Dec. 15, 2011)); *see also Peterson v. BAC Home Loan Servicing, LP*, No. 3:11cv805, 2011 WL 6058273, at *1 (M.D. Ala. Dec. 6, 2011) ("[W]hen a mortgage's validity is not at stake, the value of the property itself is not the amount in controversy."). In this case as well, Plaintiffs have asked for neither declaratory relief nor injunctive relief or for a judgment that would void the mortgage.

8

allegedly unwarranted and excessive late fees (and some fees of unknown origin), as well as penalties associated with allegedly improper default proceedings. These factual allegations do not place the entirety of Plaintiffs' monthly payments to Defendants into issue.

Defendants complain, however, that Plaintiffs fail to allege basic facts from which the contested payments and charges can be separated from the uncontested ones. Defendants argue that Plaintiffs bear the burden of assigning a value, or at least an estimate, to the allegedly improper charges, and that their failure to plead a reasonable estimate places the total payments at issue for purposes of ruling on the motion to remand. Defendants have not cited any authority in support of this contention, but there is authority indicating otherwise.

In *Peterson*, the court observed that the request for unspecified compensatory damages encompassed the allegedly overpaid mortgage fees, and, thus, those fees "could properly count toward the amount-in-controversy requirement." 2011 WL 6058273, at *2. Because the removing mortgagor had not provided a calculation of the allegedly overpaid fees, however, leaving that estimate to speculation, the mortgagor failed to prove the amount of compensatory damages by a preponderance of the evidence. *Id.*

As in *Peterson*, the court finds here that Defendants bear the burden on removal of demonstrating, based on either the Complaint's allegations or their own evidence, a reasonable estimate of the amount of improperly charged fees at issue. Placing that burden on Defendants is consonant with well-established and longstanding precedent that defendants bear the burden on removal to establish that federal jurisdiction exists. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 40 (1939); *see also Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("In a removal action, the burden is on the defendant, not the plaintiff, to plead the basis for jurisdiction." (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)). Defendants contend this conclusion will encourage manipulative tactics by state-court plaintiffs to prevent removal by drafting pleadings that are devoid of facts from which the value of their claims can be approximated. (Doc. # 10, at 2.) The underlying source of authority for Defendants' argument is *Pretka*. *Pretka* shunned a predecessor court's pronouncement that in removed diversity actions seeking indeterminate damages, the source of the facts or evidence as to a claim's value had to come from the plaintiff. The defendant could not submit independent facts or evidence of that value. *Pretka*, 608 F.3d at 763–66 (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007)). The *Pretka* court relegated *Lowery*'s pronouncement to dicta, at least in actions removed based upon the initial pleading,

10

as here. *See id.* The *Pretka* court opined that otherwise the defendant's right to remove would be subject "to the caprice of the plaintiff." *Id.* at 766. The concerns raised in *Pretka* regarding the potential for a plaintiff to engage in manipulative tactics to avoid removal are not at issue here: To the extent that Defendants contend that Plaintiffs are hiding the true nature of their case to avoid federal jurisdiction, Defendants were not precluded from submitting their own objective evidence valuating Plaintiffs' claims. They simply chose not to do so.

Additionally, while Defendants are correct that a court may rely on "deduction, inference, or other extrapolation" to determine the amount in controversy, that assessment must be based upon "facts or specific allegations" contained in the record. *Pretka*, 608 F.3d at 752. Both are missing here. In their Complaint, as stated, Plaintiffs have not separated the legitimate payments from the allegedly illegitimate payments, and Defendants have not submitted independent facts or evidence providing a reasonable valuation of Plaintiffs' claims to fill the Complaint's void. Notably also, similar to *White*, it is difficult to envision that the allegedly improper charges that were assessed over a thirty-nine month period during which Defendants serviced Plaintiffs' $225,570 mortgage would put a substantial dent in the amount in controversy requirement. *See* 2011 WL 3666613, at *3 (noting the difficulty in imagining that the allegedly improper fees charged over the span of five years that the

11

defendant serviced her $150,000 home mortgage were "worth more than half the initial value of that mortgage"). Absent "facts or specific allegations, the amount in controversy c[an] be divined only by looking at the stars – only through speculation – and that is impermissible." *Pretka*, 608 F.3d at 753–54.

### B.  Mental Anguish Damages and Punitive Damages

Defendants further contend that common sense dictates that the amount in controversy is satisfied based upon Plaintiffs' request for mental anguish damages and punitive damages. Defendants premise this argument on an assumption that the unspecified mental anguish and punitive damages are to be added to baseline economic losses of $48,776.66. As discussed in Part IV. A, that assumption is in error. Defendants are in the same predicament, therefore, as the defendants in *Dean*, *Parks*, and *Peterson*, *see supra* note 3. In those cases, the courts found that based upon the absence of evidence estimating the amount of improperly charged fees, there was an insufficient foundation from which to affix a value to the mental anguish and/or punitive damages requests, and, thus, the defendants failed to demonstrate the requisite jurisdictional minimum. *See Dean*, 2012 WL 353766, at *6; *Parks*, 2011 WL 6223049, at *3; *Peterson*, 2011 WL 6058273, at *2. The request for mental anguish and punitive damages does not satisfy Defendants' removal burden of demonstrating that more than $75,000 is at stake.

## IV. CONCLUSION

For the foregoing reasons, subject matter jurisdiction is lacking over this removed action for Defendants' failure to establish the required minimum amount in controversy by a preponderance of the evidence. Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 7) is GRANTED, and that this case is REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447. The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 25th day of September, 2012.

        /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE